**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MICHAEL JOSEPH HILDENSTAB,

    Plaintiff

v.

UNITED STATES OF AMERICA,

    Defendant

Case No.: 3:25-cv-00497-CSD

**Order**

Re: ECF No. 15

Plaintiff has filed a motion for reconsideration of the court's order granting the United States a 30-day extension of time to file a response to the complaint. (ECF No. 15.) The United States filed a response. (ECF No. 16.) No reply was filed.

Plaintiff filed this action on September 11, 2025. (ECF No. 1.) Due to the government shutdown, General Order 2025-07 extended the deadline for the United States to respond to the complaint by 53 days, making the response due on January 13, 2026. The parties then stipulated to a further extension until February 3, 2026, for the United States to file its response to the complaint. (ECF No. 9.)

Assistant United States Attorney Nathan M. Claus entered an appearance in this case on February 3, 2026, and on the same date, filed a motion requesting a 30-day extension, until March 5, 2026, to file a response to the complaint. (ECF Nos. 12, 13.) The extension was requested to accommodate manpower issues in the office of the United States Attorney, noting that Mr. Claus was only recently assigned to the case and had insufficient time to prepare an answer. The court granted the motion, making the United States' motion due March 5, 2026. (ECF No. 14.)

Plaintiff asks the court to reconsider its order, asserting that the United States had asked for 10-day extension, and rather than outright opposing the extension, Plaintiff's counsel asked that the proposed stipulation include an agreement there would be no further delays and a commitment to provide interim disclosures. The motion then sought a 30-day extension. Plaintiff asks that the deadline be shortened to the requested 10 days. (ECF No. 15.)

In the United States' response, Mr. Claus states that the request for a 10-day extension was made in good faith, in an attempt to avoid briefing on a motion, and when there was no agreement, Mr. Claus requested 30-days to accommodate his caseload and a pre-planned trip. (ECF No. 16.)

"As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (internal quotation marks and citation omitted) (emphasis omitted); *see also* LR 59-1(a).

Motions for reconsideration are disfavored. LR 59-1(b). A party seeking reconsideration of an interlocutory order (a non-case dispositive order) "must state with particularity the points of law or fact that the court has overlooked or misunderstood." LR 59-1(a). Reconsideration may be appropriate if: "(1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id.*

The court does not find the omission of the detail that Mr. Claus initially requested a 10-day extension is new evidence or that the court's initial decision was manifestly unjust. The court based its decision on Mr. Claus' representation that he needed an additional 30-days to file a

2

response to the complaint based on manpower issues in the office of the United States Attorney and his recent appearance in the case. That fact remains, and the court does not find a request for a 30-day extension under the circumstances is unreasonable. The United States' response is due next week, and the court does not find grounds to reconsider its prior order.

Therefore, Plaintiff's motion for reconsideration (ECF No. 15) is **DENIED**. The United States' answer remains due on March 5, 2026. Barring exigent circumstances, any further requests for an extension of the deadline to respond to the complaint will not be favorably received.

**IT IS SO ORDERED**.

Dated: February 24, 2026

_____
Craig S. Denney
United States Magistrate Judge